# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: June 15, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JEREMY PRICE and GINA PRICE, | * | |
| natural parents of J.P., a minor, | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 18-1472V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Carol L. Gallagher, Carol L. Gallagher, Esquire LLC, Somers Point, NJ, for petitioner.
Julia Marter Collison, United States Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On September 25, 2018, Jeremy Price and Gina Price ("petitioners"), as natural parents of J.P., a minor, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of the Haemophilus influenzae type B ("Hib") and pneumococcal conjugate ("PCV 13") vaccines J.P. received on August 9, 2016, he suffers from neutropenia. Petition at 1.

On May 7, 2020, petitioners filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on their case. Petitioners' Motion for

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Interim Fees and Costs ("Pet. Mot."), dated May 7, 2020 (ECF No. 56). Petitioners' request can be summarized as follows:

**Attorneys' Fees** – $50,421.00
**Attorneys' Costs** – $44,405.70

Petitioners thus request a total of $94,826.70. Respondent filed his response on May 8, 2020, stating that he "defers to the Special Master as to whether petitioners are entitled to an interim award of attorneys' fees and costs at this time." Respondent's Response to Pet. Mot. ("Resp. Response"), dated May 8, 2020, at 3 (ECF No. 57).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** petitioners' motion and awards **$88,303.99** in attorneys' fees and costs.

## I.  DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

### A.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85

Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

Here, petitioners request the following hourly rates for the attorney who worked on this matter:

**Ms. Gallagher – Attorney**
2017: $363.00
2018-2019: $400.00
2020: $424.00

The undersigned finds that the requested rates are reasonable and in accordance with what this attorney has previously been awarded for her Vaccine Program work.  See, e.g., Cetlin-Salter v. Sec'y of Health & Human Servs., No. 16-792V, 2019 WL 4880164, at *2 (Fed. Cl. Spec. Mstr. Sept. 16, 2019) (awarding $363.00 per hour for work performed in 2017 and $400.00 per hour for work performed in 2018-2019); Fenster v. Sec'y of Health & Human Servs., No. 16-965V, 2020 WL 2499942, at *1 (Fed. Cl. Spec. Mstr. Apr. 16, 2020) (same); Polzin v. Sec'y of Health & Human Servs., No. 16-598V, 2020 WL 2499941, *1  (Fed. Cl. Spec. Mstr. Apr. 20, 2020) (awarding $400.00 per hour for work performed in 2018 and 2019 and $424.00 per hour for work performed in 2020).  The undersigned will therefore award the rates requested.

Petitioners' counsel requests compensation for 5 hours for 2017, 89.45 hours for 2018-2019, and 30.25 hours for 2020.  Pet. Mot. at 6.  Upon review, the undersigned notes that counsel billed 91.1 hours for 2018-2019 and 28.05 hours for 2020.  See Pet. Mot., Ex. A.  This results in a reduction of $272.80, making petitioners' counsel request for attorney's fees $50,148.20.

The undersigned finds a percentage reduction necessary for time spent performing paralegal tasks, including drafting correspondence to medical providers and responding to inquiries from those providers and for a large amount of correspondence with petitioner.  This issue is not new to Ms. Gallagher's billing records.  See, e.g., Cetlin-Salter, 2019 WL 4880164,

3

at *2; Rocha v. Sec'y of Health & Human Servs., No. 16-241V, 2019 WL 2406954, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2019); De Souza v. Sec'y of Health & Human Servs., 141 Fed. Cl. 338 (Fed. Cl. 2018). Based on the hours billed for these tasks, the undersigned finds that a 5% overall reduction to the award of attorney's fees is appropriate to offset the requested amount with what a reasonable amount would be had Ms. Gallagher billed these tasks at a reasonable paralegal rate. This results in a further reduction of $2,507.41. Petitioners are thus awarded attorneys' fees of $47,640.79.

### B. Attorneys' Costs

#### 1. Expert Fees

Petitioners request $36,167.50 for work performed by Dr. Omid Akbari, which was a total of 74.85 hours, billed at an hourly rate of $550.00, less the $5,000 retainer fee already paid to Dr. Akbari. Pet. Mot., Ex. C.

Concerning Dr. Akbari's requested rate of $550.00, the undersigned finds it to be excessive. Dr. Akbari has previously been awarded $500.00 per hour for his vaccine program work. See Sheppard v. Sec'y of Health & Human Servs., No. 17-819V, 2020 WL 1027958, at *3 (Fed. Cl. Spec Mstr. Feb. 20, 2020); Hernandez v. Sec'y of Health & Human Servs., No. 16-1508V, 2018 WL 4391060, at *2 (Fed. Cl. Spec. Mstr. Aug. 8, 2018); Shinskey v. Sec'y of Health & Human Servs., No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9, 2019). The undersigned also recently determined that $500.00 per hour is a reasonable hourly rate for Dr. Akbari's work. Sheppard, 2020 WL 1027958, at *3. Thus, the undersigned finds $500.00 is a reasonable rate for Dr. Akbari's work in this case, resulting in a total reduction of $3,742.50. Petitioners are therefore awarded $32,425.00 for expert fees.

#### 2. Miscellaneous Costs

Petitioners request $8,238.20 to cover their attorney's other miscellaneous expenses, including a retainer fee, initial evaluation fee,[3] Fed Ex costs, the filing fee, and other expenses. Pet. Mot., Ex. B. The undersigned finds these costs reasonable and well-documented, and she will award them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $ 50,421.00 |
| Reduction of Attorneys' Fees | - ($ 2,780.21) |

---

[3] The undersigned notes that in the future, an invoice that describes Dr. Brawer's hourly rate and provides a description of his work is required. Counsel shall reference the Vaccine Guidelines for Practice under the National Vaccine Injury Program ("Vaccine Guidelines"), which can be found on the Court's website or at http://www.cofc.uscourts.gov/vaccine-guidelines.

| | |
|---|---|
| Awarded Attorneys' Fees: | $ 47,640.79 |
| Requested Attorneys' Costs: | $ 44,405.70 |
| Reduction of Attorneys' Costs: | - ($ 3,742.50) |
| Awarded Attorneys' Costs: | $ 40,663.20 |
| **Total Interim Attorneys' Fees and Costs:** | **$ 88,303.99** |

**Accordingly, the undersigned awards:**

A lump sum in the amount of **$88,303.99**, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel of record, Ms. Carol Gallagher.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.