# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 30, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JEREMY PRICE and GINA PRICE, | * | |
| natural parents of J.P., a minor, | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 18-1472V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; Haemophilus |
| AND HUMAN SERVICES, | * | Influenzae Type B ("Hib") Vaccine; |
| | * | Pneumococcal Conjugate ("PCV 13") |
| Respondent. | * | Vaccine; Neutropenia. |
| * * * * * * * * * * * * | | |

Carol L. Gallagher, Carol L. Gallagher, Esquire LLC, Somers Point, NJ, for petitioner.
Julia Marter Collison, United States Department of Justice, Washington, DC, for respondent.

## DECISION BASED ON STIPULATION[1]

On September 25, 2018, Jeremy Price and Gina Price ("petitioners"), as natural parents of J.P., a minor, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of the Haemophilus influenzae type B ("Hib") and pneumococcal conjugate ("PCV 13") vaccines J.P. received on August 9, 2016, he suffers from neutropenia. Petition at 1 (ECF No. 1).

On December 29, 2020, the parties filed a stipulation recommending an award of compensation to petitioner. Stipulation (ECF No. 68). Respondent denies that the Hib and/or PCV 13 vaccines caused J.P.'s neutropenia. Nevertheless, the parties agree to the joint

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**(1) A lump sum of $15,000.00 in the form of a check payable to petitioners, as legal guardian(s)/conservator(s) of the estate of J.P. for the benefit of J.P.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Nora B. Dorsey**
Nora B. Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEREMY and GINA PRICE, natural parents of J.P. a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 18-1472V<br>Special Master Dorsey<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jeremy and Gina Price, Natural Father and Mother, on behalf of J.P., a Minor ("petitioners"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to J.P.'s receipt of Haemophilus influenzae type b ("ActHIB") and Pneumococcal ("PCV 13") vaccinations, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received ActHIB and PCV 13 vaccinations on August 9, 2016.

3. The vaccines were administered in the United States.

4. Petitioners allege that as a result of receiving the ActHIB and PCV 13 vaccines, J.P. suffered neutropenia, and experienced the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of J.P.'s alleged condition.

6. Respondent denies that the ActHIB and/or PCV 13 vaccines caused J.P.'s alleged neutropenia or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $15,000.00 in the form of a check payable to petitioners, as legal guardian(s)/conservator(s) of the estate of J.P. for the benefit of J.P.

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11.     Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of J.P. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of J.P.'s estate under the laws of the State of New Jersey. No payment pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of J.P.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of J.P.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of J.P.'s estate upon submission of written documentation of such appointment to the Secretary.

14.     In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioners, in their individual capacities and as legal representatives of J.P., on behalf of themselves, J.P., and his heirs, executors, administrators, successors, or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the

Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.P. resulting from, or alleged to have resulted from the ActHIB and/or PCV 13 vaccines administered on August 9, 2016, as alleged in a Petition for vaccine compensation filed on September 25, 2018, in the United States Court of Federal Claims as petition No. 18-1472V.

15. If J.P. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the ActHIB and/or PCV 13 vaccines caused J.P.'s alleged neutropenia, or any other injury or his current condition.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of J.P.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

*[signature]*

JEREMY F RICE

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

CAROL L. GALLAGHER
Carol L. Gallagher, Esq. LLC
822 Shore Road
Somers Point, NJ 08244
(609) 927-2726

*[signature]* Gina Price

GINA PRICE

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

Catharine E Reeves
by Heather L Pearl

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

CAPT Dale Mishler, DHSc, for

TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Julia M Collison
by Heather L Pearl

JULIA M. COLLISON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0102

Dated: 12/29/2020